**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

**Clerk's Minutes**
**Before the Honorable Kenneth J. Gonzales**

CASE NO.:   CR 19-4184-001 KG          DATE(S):     5/3/2021 THROUGH 5/7/2021

Time in court:  5/3/2021   7 hours 30 minutes
                5/4/2021   7 hours 6 minutes
                5/5/2021   5 hours 14 minutes
                5/6/2021         43 minutes

TOTAL TIME:     20 hours 33 minutes

TITLE:   United States v. DANIEL HERNANDEZ

COURTROOM CLERK:   Chris Eubanks   COURT REPORTER:     Danna Schutte Everett

( ) Albuquerque   ( X ) Las Cruces   ( ) Santa Fe   ( ) Roswell

( ) Bench warrant ordered          INTERPRETER:  NONE

ATTORNEYS PRESENT FOR PLAINTIFF(S):     ATTORNEYS PRESENT FOR DEFENDANT(S):

  Maria Armijo                          Russell Dean Clark
  Ryan Ellison

TYPE OF PROCEEDING:     Jury Selection/Trial

PROCEEDINGS:

**9:06 a.m. Court in Session**

Court:  Addresses the veniremen.  Introduces staff.

(Statement of the Case read by CRD)

Court:  Explains process of voir dire.

(Venire sworn in by CRD)

Court:  Begins voir dire.  Familiar with Government, defense counsel or staff – Juror #10

court security officer for this courthouse.

Ms. Armijo:  Reads list of witnesses for trial.

Court:  Inquires if names are familiar – no response.  Knows anyone in the United States Attorney's office – Juror #3 knows Judge Fouratt.

Mr. Clark:  Introduces persons at counsel table. Inquires of panel if they know any of them – no response.  Advises will not be presenting any witnesses.

Court:  Continues voir dire.  Sitting for trial – Have note from Juror #15, does not need to respond; no other responses.  Vision, hearing – no responses.  Availability – Juror #11 Brother-in-law passed Friday and services this Friday; Juror #12 - full time employment, warehouse technician, and has an audit of inventory this week; Juror #15 relates to note.  Nature of allegations firearms violation law – Juror #1 pro gun and hard time with people disrespecting the law and using it in a very intimidating manner, also asked regarding testimony of a law enforcement officer; Juror #9 – emotional bias, firearm was stolen, cannot be fair and impartial.  Principles of constitutional law – innocent of charges (no response); burden of proof instruction (no response); right to not testify (no response).  Law enforcement – Juror #10 - served in law enforcement approximately 26 years; Juror #4 - father is Chief Deputy in Eddy County Sheriff's Department and also self was deputy reserve; Juror #9 – deputy fire marshal and prior park ranger and detention officer.  Inquiry of any reason it would be difficult to weigh the evidence and follow the law (no response).

**10:08 a.m.** (Bench conference)

**10:11 a.m.**  Ms. Armijo:  Voir dires the veniremen.  Juror #8 - Should not be a federal crime for marijuana.

**10:27 a.m.** Mr. Clark: Voir dires the veniremen.

**10:55 a.m.** Court: Inquires of veniremen if want to answer any questions heard and want to answer.  (No response).  Excuses veniremen and to return at 2:45 p.m. at the Animas courtroom.  Asks Juror #15 to remain.

**10:57 a.m.  Veniremen released.**

**10:59 a.m.**  Court:  Speaks with Juror #15, who responds.

Ms. Armijo:  No questions.

Mr. Clark: No questions.

Court:  Will discuss with attorneys.

**11:02 a.m.**  Juror #15 is excused.

(Defendant was brought back into the courtroom.)

Court:  Addresses defendant and instructed he remain in the courtroom during voir dire and individual questions.

Ms. Armijo:  For cause requests – Juror #12

Mr. Clark:  No position.

Ms. Armijo:  Juror #15.

Mr. Clark:  Join in.

Court:  Excuses Juror #15 immediately.

Mr. Clark:  For cause requests – Juror #1.

Ms. Armijo: Responds.

Court:  Juror #1 will be excused for cause.

Mr. Clark:  Juror #9.

Ms. Armijo: No objection.

Court:  Juror #9 will be excused for cause.  Will excuse Juror #12 for cause.

Ms. Armijo:  Addresses issue of defendant leaving the courtroom and that the door to the jail room is open.

Court:  Will keep door shut.

**11:12 a.m.  Court in recess.**

**11:23 a.m. Court is back in session.**

Court:  Counsel enter appearances.

Mr. Clark:  Introduces self and those at counsel table.

Mr. Ellison:  Introduces persons at table.

Court:  Addresses the veniremen.  Introduces staff.

(Statement of the Case read by CRD)

Court:  Explains process of voir dire.

(Venire sworn in by CRD)

Court:  Begins voir dire.

Mr. Ellison:  Reads list of witnesses.

Court Inquires if anyone sounds familiar.  Juror #18 – names familiar, retired from ATF 3 years ago, knows Special Agent Nixon; Juror #27 – knows Agent Nixon, recognizes name.  Inquires if anyone knows Mr. Clark, his assistant or the defendant – no response.  Length of trial and being able to sit – no response.  Hearing and vision – no response.  Availability to serve – Juror #22 – Principal of intermediate school, vice principal could cover, has question as to Indictment, son-in-law sentenced last Thursday to 7 years for felon in possession of a firearm; Juror #24 – legal representative for father's estate and has court on Wednesday.  Juror #28 – finals, could possibly reschedule.  Firearm allegations and application of the law – no response.  Principles of

constitutional law – presumption of innocence – no response; burden of proof instruction – no response; right to remain silent – no response.  Law enforcement – Juror #28 – uncle is a police officer in Tennessee; Juror #29 – brother is a county sheriff and juror works in Finance with the City of Alamogordo; Juror #23 – husband is retired sheriff's deputy for Otero County.

**12:27 p.m.**  Mr. Ellison:  Voir dires veniremen.

**12:51 p.m.**  Mr. Clark:  Voir dires veniremen.

**12:55 p.m.** (Bench conference)

**12:56 p.m.** Mr. Clark: Continues voir dire.

**1:15 p.m.** Mr. Ellison:  Objects to line of questioning; overly argumentative.

(Bench conference)

**1:17 p.m.** Mr. Clark: Continues voir dire.

**1:18 p.m.**  Court:  Inquires of veniremen if want to answer any questions heard and want to answer.  (No response)  Veniremen is excused and are to return at 3:15 p.m. to the Jury Assembly Room.

**1:21 p.m.  Veniremen excused.**

**1:22 p.m.** Court:  Addresses defendant not to express self at table non-verbal cues.

Inquires as to any for cause excusals.

Mr. Ellison:  Juror #16.

Mr. Clark:  Responds.

Court:  Will take Juror #16 under advisement.

Mr. Ellison:  Juror #24.

Mr. Clark:  Agree.

Court:  Handed official record for case.  No objection Juror #24 will be excused.

Mr. Ellison:  Nothing else.

Mr. Clark:  Juror #22.

Mr. Ellison:  Agrees and would not object.

Court:  Juror #22 will be excused.

Mr. Clark:  No one else.

Court:  Inquires if counsel considered Juror #28; teaching student and finals.

Mr. Clark: No issue with it, should stay.

Mr. Ellison:  Should be excused.

Court:  Will take Juror #28 under advisement.  We have 19 jurors downstairs, inquires if only need 15.

Ms. Armijo:  Inquires as to alternates.  2 alternates.

Mr. Clark:  Agrees.

Ms. Armijo:  15 probably would be fine.

Mr. Clark: 15 can be done.

Court:  Will call in 15.  Counsel to return to get started at 2:00 p.m.

**1:33 p.m. Court in recess.**

**2:16 p.m.  Court back in session.**

Court:  Counsel enter appearances.

Ms. Armijo:  Introduces everyone at counsel's table.

Mr. Clark:  Introduces self and those at counsel table.

Court:  Addresses the veniremen.  Introduces staff.

(Statement of the Case read by CRD)

Court:  Explains process of voir dire.

(Venire sworn in by CRD)

Court:  Begins voir dire.

Ms. Armijo:  Reads lists of witnesses.

Court:  Inquires if anyone knows any witness.  Juror #36 – two of the Silver City Police officers are relatives, Offices Quintana and Delgado, cousins.  Trial anticipated to be 5 days and sitting for length of time – no response.  Hearing and vision – no response. Availability – Juror #34 – doctor's appointment on Friday and needs to get lab work done prior to appointment; Juror #43 – has a ranch with wife and has to feed cattle twice a week.  Charges involve allegations of firearm laws – no response.

Constitutional principles – presumption of innocence (no response); burden of proof instruction (no response); right to remain silent (no response).  Law enforcement – Juror #34 – law enforcement family, also a New Mexico State Police officer; Juror #39 – wife's sister is serving in law enforcement in Arizona.  Inquires if there is anything to make it difficult to sit as a juror in this case – Juror #42 – bad run-ins with courts and have lost faith in the courts, does not trust it at all.

**3:10 p.m.** Ms. Armijo:  Voir dires veniremen.  Juror #43 knows Ryan Ellison, can be fair.

**3:34 p.m.**  Mr. Clark: Voir dires veniremen.

**4:02 p.m.**  Ms. Armijo:  Asks to approach.

(Bench conference)

**4:03 p.m.** Court:  Instruction will be given as to credibility of a witness, inquires if anyone would have any problem following that instruction. (No response)  And setting aside credibility of witness until instructed.  (No response)  Inquires of veniremen if want

to answer any questions heard and want to answer.  Excuses jurors and asked to report

to the Tortugas courtroom.  Asks Juror #36 to remain.

**4:06 p.m.  Venire excused.**

**4:07 p.m.**  Ms. Armijo:  Inquires of Juror #36 as to knowing defendant or his family;

Juror responds in the affirmative.

Mr. Clark:  Inquires of Juror #36.

Court:  Juror #36 is excused as a juror.

Ms. Armijo:  Addresses for cause.   Juror #34.

Mr. Clark:  Defense agrees.

Court:  Juror #34 will be excused.

Ms. Armijo:  Juror #42.

Mr. Clark:  Objects; responds.

Court:  Recollection of answers to questions asked of him; Juror #42 will be excused for

cause.

Mr. Clark:  Juror #39.

Ms. Armijo: Responds.

Court:  Will take Juror #39 under advisement.  Inquires as to Juror #43 for cause.

Mr. Clark:  Think that would be appropriate.

Court:  Juror #43 will be excused for cause.  No others.  Will take a 10 minute break.

**4:21 p.m.  Court in recess.**

**4:29 p.m. Court back in recess.**

Court:  As to for cause excusals which were taken under advisement, Juror #16 will not

be excused; Juror #28 will not be excused; Juror #39 will be excused; and Juror #11

which was not taken under advisement but will excuse her.  Will give counsel 10 more minutes.

**4:45 p.m.  Court back in session.**

Court:  Selection of jury.

**4:57 p.m.** Court:  Addresses Memorandum and Opinion.

Counsel addresses the Court.


**5:11 p.m.  Jury brought in.**

Court:  Swears in jury. Addresses panel, admonishes the jury and asks them to return at 8:30 a.m.

**5:13 p.m.  Jury excused.**

Court:  Continues addressing issues.  Allowing testimony of Mr. Montano as to 911 call.

Ms. Armijo:  Proffers testimony of Mr. Montano.

Mr. Clark:  Responds.

Court:  States ruling.  Concerns with testimony.

Ms. Armijo:  Responds.

Court:  Will allow for the proper purpose of the carjacking intent.  Addresses Ms. Montano testifying.

Ms. Armijo:  Responds.  Asks permission to release Jenks material tomorrow.

Court:  Consider it ordered.  Government's Exhibit 123 was tendered but unsigned.  Will need in electronic format.  Government's Exhibit 123 is admitted. As to the 911 call, will allow Mr. Montano testify to that call.  Inquires as to Government's Exhibit 116.

Ms. Armijo:  Intend to use it for impeachment of Ms. Silva, but not plan on using at this time.  Will notify parties after speaking with her.

Court:  Government's Exhibit 114 video, found relevant and is allowed.

Mr. Clark:  Responds; makes a record.

Ms. Armijo:  Replies.

Court:  Asks Ms. Armijo to provide a limiting instruction on Government's Exhibit 114 and for the 404.  Government's Exhibit 115 discussed.

Mr. Ellison:  Responds.

Court:  Will allow one video, Government's Exhibit 114. Government's Exhibit excluded under 115 under 403.

Mr. Clark:  Asks for ruling on 403 to make an objection.

Court:  Ruling is part of order entered on Friday.  Anything else.

Mr. Clark: Page 7 of preliminary instructions, as to counts.  Asks for addition that defendant has plead guilty to Count 1 and should not be a consideration for the jury.

Court:  Inquires as to a stipulation.

Mr. Clark:  Responds.

Court:  Inquires as to Ms. Armijo of any stipulation.

Ms. Armijo:  Responds.

Court:  Addresses counsel on issue.

Ms. Armijo:  Responds.

Court:  Mr. Clark to provide additional language.  Asks what he proposes.

Mr. Clark:  Responds.

Ms. Armijo:  No disagreement with that.

Court: Will consider tonight and a final set will be provided.  Counsel to be in courtroom by 8:15 a.m.

**5:50 p.m. Court in recess (END OF DAY ONE)**

**8:33 a.m.  Court in session out of presence of jury (DAY TWO– MAY 4, 2021)**

Court:  Receipt of proposed stipulations and instructions.  Waiting on a couple of jurors.

Preliminary instructions were distributed, discusses instructions with counsel.

Mr. Clark:  Objects to 911.

Ms. Armijo:  Will not be using.

Court:  Inquires of opening statements.  Will give counsel 30 minutes each.

Ms. Armijo:  Inquires as to the witnesses entering courtroom.

Court:  Addresses issue of witnesses entering courtroom.

Mr. Clark:  Inquires as to counsel entering and exiting courtroom.

Court:  Addresses issue.

**8:47 a.m.  Court in recess.**

**8:48 a.m.  Court back in session in the presence of jury.**

Court: Addresses the jury.

**8:52 a.m.**  Court reads preliminary instructions.

**9:24 a.m.**  Mr. Ellison:  Opening statement.

**9:43 a.m.**  Mr. Clark:  Opening statement.

**9:48 a.m. Jury excused.**

**9:49 a.m.  Court in recess.**

**10:02 a.m.  Court back in session outside presence of the jury.**

Court:  Discuss limiting instruction.

**10:07 a.m.  Jury brought in.**

**10:08 a.m.  Ms. Armijo calls Monteque Montano W1 (Sworn).**  Describes incident of September 6, 2018.

**10:11 a.m.** Ms. Armijo:  Moves for Government's Exhibits 36 and 74.

Mr. Clark:  No objection.

Court:  Government's Exhibits 36 and 74 admitted.

**10:11 a.m. Ms. Armijo continues direct examination of W1.**  Continues describing incident.  Government's Exhibit 36 shown and identified.  (Identifies defendant for the record.)  Reported incident to police.  Government's Exhibit 74 shown and identified.

**10:20 a.m. Cross examination of W1 by Mr. Clark.**  Questions concerning incident.

**10:28 a.m. Redirect examination of W1 by Ms. Armijo.**

**10:28 a.m. Witness admonished and excused.**

**10:29 a.m.**  Court: Instructs jurors.

**10:29 a.m.  Ms. Armijo calls Salvador Quintana W2 (Sworn).**  Employed with the Silver City Police Department, for approximately 10 years, position as a detective for 4 ½ years.  Explains work schedule for detectives.  Working on September 6, 2018, notified by Officer Lopez of incident that day and investigated the next couple of days. Called in after midnight on September 8 in reference to a robbery which occurred involving Kasey Jackson.  Describes investigation.

**10:36 a.m.** Mr. Clark:  Objection; hearsay.

Ms. Armijo:  Will rephrase the question.

Court:  Sustain the objection.

**10:36 a.m. Ms. Armijo continues direct examination of W2.**  Continues describing investigation.

**10:37 a.m.** Ms. Armijo:  Moves Government's Exhibits 1 through 37 into evidence.

Mr. Clark:  No objection.

Court:  Government's Exhibits 1 through 37 admitted.

**10:37 a.m.  Ms. Armijo continues direct examination of W2.**  Government's Exhibits 5 through 35 shown and identified.  Government's Exhibit 37 shown and identified. (Identifies defendant for the record.)  continues describing investigation, warrant and arrest of defendant. Search warrant received and executed on Jacqueline Silva's apartment; describes items located.

**10:56 a.m.**  Ms. Armijo:  Moves Government's Exhibits 1 – 4 and 97 into evidence.

Mr. Clark:  No objection.

Court:  Government's Exhibits 1, 2, 3, 4 and 97 are admitted.

**10:57 a.m. Ms. Armijo continues direct examination of W2.**  Government's Exhibit 1 shown and identified.  Government's Exhibit 3 shown and identified.  Government's Exhibit 2 shown and identified.  Government's Exhibit 4 shown and identified.

**11:00 a.m.**  Ms. Armijo:  Moves Government's Exhibits 69, 70, 72, 73, 74, 76, 77, 78, 79, 80, 81, 82, 84 and 86 into evidence.

Mr. Clark:  No objection.

Court:  They are admitted.

**11:01 a.m. Ms. Armijo continues direct examination of W2.**  Government's Exhibits 69, 70, 72, 73, 76, 77, 78, 79, 69, 80, 81, 82, 84 and 86 shown and identified. Additional warrant for DNA of defendant.  Continues describing investigation.

**11:08 a.m.** Mr. Clark:  Objection.

(Bench conference)

**11:09 a.m.**   Court:  Addresses jury to disregard what was heard in response to

question by Ms. Armijo.

**11:10 a.m. Ms. Armijo continues direct examination of W2.**  Government's Exhibit

97 shown and identified.

**11:12 a.m. Cross examination of W2 by Mr. Clark.**  Questions as to what was done to

prepare for testimony today; review of his report.

**11:14 a.m.**  Ms. Armijo:  Objection, calls for facts not in question, hearsay.

Court:  Sustained. May rephrase.

**11:15 a.m. Mr. Clark continues cross examination of W2.**

**11:15 a.m.** Ms. Armijo:  Objection, withdraws objection.

**11:15 a.m. Mr. Clark continues cross examination of W2.**

**11:15 a.m.** Ms. Armijo:  Objection, calls for hearsay.

Mr. Clark:  Responds.

Court:  Overruled.

Ms. Armijo:  Asks to approach.

(Bench conference)

**11:20 a.m. Mr. Clark continues cross examination of W2.**

**11:23 a.m.  No redirect by Ms. Armijo.**

**11:23 a.m.  Court inquires of W2.**

**11:24 a.m.**  Ms. Armijo:  Follow-up questions.

**11:25 a.m.**  Mr. Clark: No questions.

**11:25 a.m. Witness admonished and excused.**

**11:25 a.m.  Court will be in recess for 10 minutes.**

**11:34 a.m. Court is back in session in the presence of the jury.**

**11:35 a.m.  Mr. Ellison calls Kasey Jackson W3 (Sworn).**

**11:35 a.m.**  Mr. Ellison moves Government's Exhibits 121 and 105 through 110 into

evidence.

Mr. Clark:  No objection.

Court: Government's Exhibits 121 and 105 through 110 are admitted.

**11:36 a.m. Mr. Ellison continues direct examination of W3.**  Government's Exhibit

121 shown and identified.  Drug use in 2018; stopped a little over a year ago after

moving out of Silver City.  Knows Savannah Padilla, met in 2017 through a mutual

friend.  Describes incident on September 7, 2018.  (Identifies defendant for the record.)

**11:44 a.m.** Mr. Clark:  Objection; vague 611.

Court: Asks counsel to approach.

(Bench conference)

**11:45 a.m. Mr. Ellison continues direct examination of W3.**  Continues describing

incident.  Government's Exhibit 74 shown and identified.  Government's Exhibit 84

shown and identified. Government's Exhibit 105 shown and identified.  Government's

Exhibit 106 shown and identified. Government's Exhibit 107 shown and identified.

Government's Exhibit 108 shown and identified.

**12:03 p.m.** Mr. Clark:  Objection; calls for speculation.  Asks to approach.

(Bench conference)

**12:04 p.m. Mr. Ellison continues direct examination of W3.**  Continues describing incident.  Government's Exhibit 109 shown and identified.  Government's Exhibit 110 shown and identified.

**12:13 p.m.**  Mr. Clark:  Objection; irrelevant.

Mr. Ellison:  Responds.

Court:  Overrules.

**12:15 p.m.  Court in recess until 1:15 p.m.**

**1:18 p.m.  Court back in session outside presence of jury.**

Mr. Clark:  Error as to a statement which was made by another witness.

**1:19 p.m.  Jury brought in.**

**1:19 p.m.  Mr. Ellison continues direct examination of W3.**  Continues describing incident.

**1:36 p.m.** Mr. Clark:  Objection, issue has not been decided.

Mr. Ellison:  Will rephrase.

Court:  Sustained.

**1:36 p.m. Mr. Ellison continues direct examination of W3.**

**1:37 p.m. Cross examination of W3 by Mr. Clark.**  Questions concerning drug use.

**1:41 p.m**.  Mr. Ellison:  Objection; relevance.

Mr. Clark:  Responds.

Court:  Overruled.

**1:41 p.m. Mr. Clark continues cross examination of W3.**  Continues questioning as to drug use.  Questions regarding incident.

**2:11 p.m**.  Mr. Ellison:  Objection; calls for a legal conclusion.

Court:  Sustained; may rephrase.

**2:11 p.m. Mr. Clark continues cross examination of W3.**

**2:19 p.m**.  Mr. Ellison:  Objection; asked and answered.

Court:  Sustained.

**2:19 p.m. Mr. Clark continues cross examination of W3.**  Continues questioning as to the incident.

**2:28 p.m**.  Mr. Ellison:  Objection; calls for speculation.

Court:  Overruled.

**2:28 p.m. Mr. Clark continues cross examination of W3.**  Continues questioning as to the incident.

**2:32 p.m. Redirect examination of W3 by Mr. Ellison.**  Follow-up questions as to reactions to drug use; recollection of events testified to; no money accepted in exchange for his Glock; and as to the incident.

**2:37 p.m.**  Mr. Clark:  Asks for recross.

Court:  Unusually but have questions to ask first.  W3 responds.

Mr. Ellison:  No follow-up.

Mr. Clark:  No, just asked where was going.

**2:38 p.m. Witness admonished and excused.**

Ms. Armijo:  Asks to come forward.

(Bench conference)

**2:43 p.m. Ms. Armijo calls Savannah Padilla W4 (Sworn).**

**2:43 p.m.** Court:  Advises Ms. Padilla's attorney, Amanda Skinner is allowed to sit in jury box.

**2:44 p.m.** Ms. Armijo:  Moves for the admission of Government's Exhibits 98 through 103, 112, 119 and 122.

Mr. Clark:  No objection.

Court:  Admitted.

**2:44 p.m. Ms. Armijo continues direct examination of W4.**  Drug use since 13 years old.  Knows Kasey Jackson and Daniel Hernandez.  Relationship with defendant. (Identifies defendant for the record.)

**2:49 p.m.**  Mr. Clark:  Objection; not relevant.

Ms. Armijo:  Responds.

Court:  Overruled but may reframe.

**2:50 p.m. Ms. Armijo continues direct examination of W4.**  Discusses incident with Kasey Jackson.  Government's Exhibit 112 shown and identified.  Government's Exhibit 98 shown and identified.  Government's Exhibit 99 shown and identified.  Government's Exhibit 100 shown and identified.  Government's Exhibit 101 shown and identified. Government's Exhibit 102 shown and identified.

**3:09 p.m.**  Mr. Clark:  Objection; hearsay.

Ms. Armijo:  Responds.

Court:  Overruled.

**3:09 p.m. Ms. Armijo continues direct examination of W4.**  Continues discussing incident.  Government's Exhibit 103 shown and identified.

**3:19 p.m.  Court in recess for 15 minutes.  Jury excused.**

Court: Inquires on how much longer on Ms. Padilla.

Ms. Armijo:  About 10, maybe 15 minutes.

Court: Asks counsel to approach, including Ms. Skinner.

(Bench conference)

**3:22 p.m. Court in recess.**

**3:37 p.m.  Court back in session in the presence of the jury.**

**3:37 p.m. Ms. Armijo continues direct examination of W4.**  Continues describing incident.

**3:42 p.m.** Mr. Clark:  Objection; may we approach.

Court:  Yes.

(Bench conference)

**3:44 p.m. Ms. Armijo continues direct examination of W4.**  Continues describing incident.

**3:51 p.m.** Ms. Armijo:  Moves Government's Exhibit 120 into evidence.

Mr. Clark:  No objection.

Court: Government's Exhibit 120 admitted.

**3:52 p.m. Ms. Armijo continues direct examination of W4.**  Discusses plea agreement and charges plead too.  Government's Exhibit 120 shown and identified. Government's Exhibit 119 shown and identified. Government's Exhibit 112 shown and identified.

**4:03 p.m. Cross examination of W4 by Mr. Clark.**  Questions concerning drug use. Questions concerning events of the incident.

**4:18 p.m.**  Ms. Armijo:  Objection; hearsay and speculation.

Mr. Clark:  Responds.

Court:  If she knows, she can answer.  Overruled.

**4:18 p.m. Mr. Clark continues cross examination of W4.**  Continues questioning as to the incident.

**4:30 p.m.**  Ms. Armijo:  Objection; speculation, self-serving, hearsay.

Court:  Sustains the objection.  Asks counsel to approach.

(Bench conference)

**4:33 p.m. Mr. Clark continues cross examination of W4.**  Continues questioning as to the incident.

**4:33 p.m.** Ms. Armijo:  Objection; facts not in evidence.

Court:  Sustained.

**4:33 p.m. Mr. Clark continues cross examination of W4.**  Continues questioning as to the incident.

**4:33 p.m.** Ms. Armijo:  Objection; calls for speculation.

Mr. Clark:  Responds.

Court:  Overruled.  Rephrase the question.

**4:34 p.m. Mr. Clark continues cross examination of W4.**  Continues questioning as to the incident. Questions concerning testimony and reduced sentence.  Discussion as to plea agreement, Government's Exhibit 120.

**4:44 p.m.** Court:  Asks counsel to approach.

(Bench conference)

**4:49 p.m. Mr. Clark continues cross examination of W4.**

**4:50 p.m. Redirect examination of W4 by Ms. Armijo.**  Follow-up questions as to drug usage and reactions to methamphetamines; drug usage with Kasey and Daniel; and events that occurred.

**4:53 p.m.**  Mr. Clark:  Objection; calls for a legal conclusion.

Ms. Armijo:  Will rephrase.

**4:53 p.m. Ms. Armijo continues redirect examination of W4.**  Continues follow-up questions as to the events that occurred.  Questions concerning her plea before a Judge and her plea agreement.

**4:56 p.m.**  Mr. Clark:  Asks to approach.

(Bench conference)

**4:5 p.m. Ms. Armijo continues redirect examination of W4.**  Continues follow-up questions concerning her plea.  Government's Exhibit 120 shown and identified.

**5:09 p.m. Witness admonished and excused.**

Court:  Will recess for the day.  Admonishes the jury, asked to return at 8:30 a.m. and jury is excused.

**5:10 p.m.  Jury is excused.**

Court: Asks Mr. Clark if he would like to make a record for any reason at this time.

Mr. Clark:  No, does not have anything at this time.

Court:  Addresses side bar, allowing Ms. Skinner to sit in the jury box and reasons; questioning as to the plea agreement and reason for not allowing Mr. Clark to continue line of questioning.  Review of elements, aiding and abetting, additional instructions to the jury to understand the relevance and probative value in the line of questioning of Ms. Padilla as to the plea agreement.  Inquires if Mr. Clark has any points to add.

Mr. Clark:  Additional point for the record. Respect the Court's ruling but object to the Court's ruling.

Ms. Armijo:  Responds.

Court: We have a record.

Ms. Armijo:  Update for tomorrow. 4 more witness, relatively short depending cross, may rest in the morning.

Mr. Clark: Nothing to bring up.

Court:  Will start back up at 8:30 a.m.

**5:20 p.m. Court in recess (END OF DAY TWO)**

**8:36  a.m.  Court in session out of presence of jury (DAY THREE– MAY 5, 2021)**

Court:  Inquires of counsel if anything to be brought up.  (Nothing) Distributed exhibit lists as to items admitted and will review later.

Ms. Armijo:  Government's Exhibit 123 Trial Stipulation has previously been admitted and asks for the Court to read it to the jury.

**8:37 a.m. Jury brought in.**

Court:  Addresses the jury.  Reads Government's Exhibit 123 jointly submitted to the Court by the parties.

**8:41 a.m. Mr. Ellison calls Fernando Cardoza W5 (Sworn).**  Employed with the Town of Silver City, Silver City Police Department as a Corporal, for 4 years.  In 2018 was a patrolman; on duty on September 8, 2018.  Describes encounter with Kasey Jackson.

**8:44 a.m.** Mr. Clark:  Objection; lack of foundation.

Mr. Ellison:  Responds.

Court:  Overruled.

**8:44 a.m. Mr. Ellison continues direct examination of W5.**

**8:44 a.m.** Mr. Clark:  Objection; hearsay.

Mr. Ellison:  Responds.

Court:  Asks counsel to approach.

(Bench conference)

**8:51 a.m. Mr. Ellison continues direct examination of W5.**  Continues describing contact with Kasey Jackson and his investigation.  Government's Exhibit 8 shown and identified. Government's Exhibit 36 shown and identified.  Describes investigation at the apartment and persons encountered.

**8:57 a.m.**  Mr. Ellison:  Moves Government's Exhibit 114 into evidence.

Mr. Clark:  Asks to voir dire the exhibit.

Court:  Needing more foundation.

Mr. Clark:  Yes.

Court: Mr. Ellison, please do so.

**8:58 a.m. Mr. Ellison continues direct examination of W5.**

Mr. Ellison:  Moves Government's Exhibit 114 into evidence.

Mr. Clark:  Concern is foundation.

Mr. Ellison:  Responds.

Court:  Satisfied there is foundation.  Overrule objection to the extent it was an objection.  Government's Exhibit 114 admitted.

**8:59 a.m. Mr. Ellison continues direct examination of W5.**  Government's Exhibit 114 played and identified.  Describes foot chase and arrest of defendant.  (Identifies defendant for the record.)  Search of defendant and items found on his person.

**9:02 a.m.** Mr. Ellison:  Moves Government's Exhibits 95 and 96 into evidence.

Mr. Clark:  No objection.

Court:  Government's Exhibits 95 and 96 are admitted.

**9:02 a.m.  Mr. Ellison continues direct examination of W5.**  Continues describing involvement with defendant.

**9:04 a.m. Cross examination of W5 by Mr. Clark.**  Confirms video played was his video. Questions concerning events.

**9:06 a.m. Redirect examination of W5 by Mr. Ellison.**  Follow-up regarding search warrant on apartment.

Court:  Instructs the jury on consideration of evidence as to limited purpose of the video played.

**9:08 a.m. Witness admonished and excused.**

**9:09 a.m. Ms. Armijo calls Jacqueline Silva W6 (Sworn).**  Lives in Silver City. Knows Daniel Hernandez.  (Identifies defendant for the record.)  Met and dated defendant for half the year.

**9:15 a.m.**  Ms. Armijo:  Moves for Government's Exhibit 89 be admitted.

Mr. Clark:  No objection.

Court:  Government's Exhibit 89 is admitted.

**9:15 a.m. Ms. Armijo continues direct examination of W6.**  Continues questioning as to relationship with defendant.  Explains contact with police at her apartment.

**9:20 a.m.**  Ms. Armijo:  Moves for Government's Exhibits 38and 41 be admitted.

Mr. Clark:  No objection.

Court:  Government's Exhibits 38 and 41 are admitted.

**9:20 a.m. Ms. Armijo continues direct examination of W6.**  Continues questions as to her apartment, contact with police and events.

**9:23 a.m.**  Mr. Clark:  Objection; hearsay.

Ms. Armijo:  Responds.

Mr. Clark:  Object; irrelevant.

Court:  Asks counsel to approach.

(Bench conference)

**9:25 a.m. Ms. Armijo continues direct examination of W6.**  Continues explaining contact with the police.  Government's Exhibit 1 shown and identified.  Government's Exhibit 2 shown and identified.

**9:32 a.m. Cross examination of W6 by Mr. Clark.**  Questions concerning relationship with defendant; arrival of officers and contact.

**9:34 a.m. Redirect examination of W6 by Ms. Armijo.**  Follow-up questions on on-again and off-again relationship.

**9:35 a.m. Witness admonished and excused.**

**9:39 a.m.** Mr. Ellison:  Will move for the admission of Government's Exhibits 38 through 42, 43, 44, 45, 48 and 55.

Mr. Clark:  Objects to Government's Exhibits as cumulative.

Court:  Will conditionally admit Government's Exhibits 42, 43, 44, 45, 48 and 55.

**9:39 a.m. Mr. Ellison calls Stephen Delgado W7 (Sworn).**  Employed by the Silver City Police Department. (Identifies defendant for the record.)  Responded to incident on September 9, involving the defendant.  Describes incident.  Government's Exhibit 38 shown and identified. Shows Government's Exhibits to the witness.

**9:44 a.m.** Mr. Ellison:  Moves for the admission of Government's Exhibits 39, 40, 41, and 42.

Mr. Clark: Will withdraw objection.

Court:  Government's Exhibits 39, 40, 41, and 42 are admitted.

**9:45 a.m. Mr. Ellison continues direct examination of W7.**  Government's Exhibits 39, 40, 41 and 42 shown and identified.  Government's Exhibit 38 shown and identified. Government's Exhibit 42 shown and identified.  Describes foot chase of defendant, arrest, search of defendant and items found on his person.  Government's Exhibit 96 shown and identified.

**9:50 a.m.**  Mr. Ellison:  Moves for Government's Exhibit 48 without objection.

Mr. Clark:  That is correct.

Court:  Government's Exhibit 48 is admitted.

Mr. Ellison: shows series of exhibits to witness.

Mr. Clark:  Will withdraw objections to exhibits.

Court:  Inquires as to exhibits.

Mr. Ellison:  Moves Government's Exhibits 43, 44, 45, 48 and 55.

Court:  They are admitted.

**9:52 a.m. Mr. Ellison continues direct examination of W7.**  Continues questions as to involvement at the apartment.  Government's Exhibit 43 shown and identified. Government's Exhibit 44 shown and identified.  Government's Exhibit 45 shown and identified.  Government's Exhibit 48 shown and identified.  Government's Exhibit 55 shown and identified.  Government's Exhibit 69 shown and identified.  Government's Exhibit 72 shown and identified. Government's Exhibit 80 shown and identified. Government's Exhibit 81.  Was in apartment during search, no other involvement after the search.

**9:56 a.m. Cross examination of W7 by Mr. Clark.**  Questions concerning events of evening.

**9:56 a.m. Redirect examination of W7 by Mr. Ellison.**

**9:57 a.m. Witness admonished and excused.**

Ms. Armijo:  Asks to approach.

(Bench conference)

**10:00 a.m.** Court:  Will be taking a breaking.  Matters to take up with counsel.

**10:01 a.m.  Jury excused.**

Ms. Armijo:  Addresses the Court.  10-minute break.

Court:  Will take a 10-minute break.

**10:02 a.m.  Court in recess.**

**10:32 a.m. Court back in session outside the presence of the jury.**

Court:  Inquires of Ms. Armijo on status.

Ms. Armijo:  Government rests.

Court:  Mr. Clark.

Mr. Clark:  Defense rests.  Argues Rule 29 motion.

Court:  Asks Ms. Armijo to address Count 5 argument.

Ms. Armijo:  Provides copy of 2.79 jury instruction from the Tenth Circuit, April 2021, for carjacking to Mr. Clark and the Court.  Responds as to Count 5.

Mr. Clark:  Replies.  Continues Rule 29 motion.

Court:  Inquires of Ms. Armijo as to Count 7.

Ms. Armijo:  Responds.

Court:  That's as to Count 7.

Mr. Clark:  Argues as to Count 8.  Addresses Count 9.

Court:  Motion is as to all counts.

Mr. Clark: Yes.

Ms. Armijo:  Responds.

Court:  Will take under advisement and will make a ruling as to the entire motion.

Mr. Clark:  Addresses time for preparation of closing.

Ms. Armijo:  Responds.

Court:  Will call jury back in, address them, release and then bring them back to instruct.

**11:15 a.m. Court in recess.**

**11:29 a.m.  Court back in session outside the presence of the jury.**

Court:  States findings; denies motion.  Counts 2 through 10 will go to the jury.

Mr. Clark:  Asks the Court to strike the overt acts 1 and 2.

Court:  Inquires if can do after the jury.

Mr. Clark:  Can address it later.

Court:  Addresses motion as to lack of jurisdiction, also denying that motion.  Anything else.

Mr. Clark:  On the Court's ruling, no.

Court: Anything else to take up.

Ms. Armijo:  No but will provide the Court with request on the carjacking instruction.

Court:  As to the instruction and 2.79 from the Tenth Circuit, will be included for both carjacking instruction.

Mr. Clark:  Inquires as to the entire instruction.

Court:  Have not ruled on that, will take under advisement.

**11:39 a.m.  Jury brought in.**

Court:  Everyone back in the courtroom.  Ms. Armijo.

Ms. Armijo:  United States rests.

Mr. Clark:  Defense rests.

Court:  Addresses jury on the next steps for trial.

**11:41 a.m.  Jury excused.**

Court:  Will incorporate instruction.  Counsel to stand by.

**11:43 a.m.  Court in recess.**

**12:06 p.m.  Court back in session outside presence of jury.**

Court:  Discusses jury instructions with counsel.  Inquires of counsel as to time needed

for closing.

Ms. Armijo:  One hour; divided 35/25.

Court:  Want to know if need a time notice.

Ms. Armijo:  Will let the Court know if changes.

Court:  Will consider an hour.  Mr. Clark.

Mr. Clark:  45 minutes.

Court:  That's what looking at.  Will give Government 45 minutes. Will make final

changes and call the jury back at 1:15 p.m.

**12:24 p.m.  Court in recess.**

**1:17 p.m. Court back in session outside the presence of the jury.**

Court: Will address verdict form after arguments.

**1:18 a.m.  Jury brought in.**

Court:  Instructs jury.

**2:04 p.m.**  Mr. Ellison:  Closing argument.

**2:32 p.m.**  Mr. Clark:  Closing argument.

**3:16 p.m.**  Ms. Armijo:  Rebuttal.

**3:32 p.m.**  Court:  Final instructions given to the jurors.  Thanks alternates, releases

them and asks not to discuss the case.  Addresses the rest of the panel

**3:39 p.m.  Alternates excused.**

**3:40 p.m. Jury excused**

**3:41 p.m.** Mr. Clark:  Argument on verdict form and uncharged conduct in overt

Ms. Armijo:  Response

Mr. Clark:  Rebuttal

Court:  Holds conduct not "uncharged."  Court overrules Mr. Clark's objection(s).

**3:48 p.m.  Court in recess.**

**5:03 p.m.  Court back in session outside the presence of the jury.**

Court:  Intend to release jury for the night.

Ms. Armijo:  Fine.

Mr. Clark:  Fine.

**5:03 p.m.  Jury brought in.**

Court:  Addresses jury, release for the night, admonishes the jury and asked to return at

8:30 a.m. tomorrow.

**5:05 pm.  Jury excused.**

**5:05 p.m. Court in recess (END OF DAY THREE)**

**9:22 a.m.  Court in session out of presence of jury (DAY FOUR – MAY 6, 2021)**

Court:  Counsel and defendant are present.  Copies of the two notes received from the jury were provided to counsel.  Reads notes, one note has been taken care of as to the computer; and discusses the second note with counsel.

Ms. Armijo:  Responds.

Mr. Clark:  Responds.

Court:  Proposed response to question.

Mr. Clark:  Defense agrees with that.

Ms. Armijo:  Responds.

Court: Addresses counsel.

Ms. Armijo:  Responds.

Mr. Clark:  Responds.

Court:  Discuss other proposed response.

Mr. Clark:  Asks to get clarification from the jury.

Court:  Would have to unanimity from the jury, which not wanting to do.

Mr. Clark:  Responds.

Court:  Difficult to know what they are intending here.  Proposed response to question.  Argument made by counsel as to the response to be given to the jury, along with correcting the verdict form.

Court:  Will correct the verdict form as to Counts 8 and 9, notes corrections to be made.  Reads proposed response to the note and providing an amended or substituted verdict form.

Mr. Clark:  Likes the word "substituted" verdict form.

Court:  Reads response to be provided.

Mr. Ellison:  Inquires if jury would be read the substituted verdict form.

Court:  No.  The original verdict will be removed from the jury.

Additional discussion concerning the verdict forms.

Court:  Addresses counsel regarding the physical exhibits, have asked jurors to send a note to the Court should the jurors wish to see them.  Any suggestions from counsel.

Ms. Armijo:  Preference to send exhibits to the jury, explains.  Can hold ammo but sent guns and holster.

Mr. Clark:  Disagrees, explains.

Court:  Would have all exhibits in evidence for their purview.  Concern left in Court's possession at end of day; firearms are secured; in abundance of caution, will hold back ammunition and send the firearms.  Items would have anyway for consideration.  States findings for ruling.  Firearms will be sent back and the holster, ammunition will be held back.

**9:51 a.m. Court in recess.**

**11:43 a.m.  Court back in session outside the presence of the jury.**

Court:   Have a note the jury has reached a verdict.  Anything to take up.

Counsel:  No.

**11:43 a.m.  Jury brought in.**

Court:  Received a note the jury has reached a verdict.

CRD reads the verdict.

Court:  Asks for the jury to be polled.

Mr. Clark: Yes, please.

Court:  Polls the jury.  Addresses jury, thanks them for their service, and asks for them to remain to speak with them.

**11:51 a.m.  Releases the jury.**

**11:52 a.m.**  Court:  Addresses original verdict form sealed in envelope by the foreperson; envelope will be shredded and replaced with the substituted verdict form. Addresses the defendant and next step before sentencing. Anything else.

Mr. Clark:  No.

Court:  Defendant will remain in custody.

Ms. Armijo:  Asks if can speak with jury.

Court:  Counsel not to leave without exhibits.  Thanks counsel for their professionalism during the trial.

**11:57 a.m. Court in recess**

**EXHIBIT LIST**

| United States of America v. Daniel Hernandez | | Case No.  CR 19-4184-001 KG |
|---|---|---|
| Plaintiff's Attorney:<br><br>　Maria Armijo<br>　Ryan Ellison | Defendant's Attorney:<br><br>　Cori Ann Harbour-Valdez<br>　Russell Dean Clark | |
| Presiding Judge:<br>　Kenneth J. Gonzales | Court Reporter:<br>　Danna Schutte Everett | Courtroom Deputy:<br>　Chris Eubanks |

| Plf No. | Deft No. | Date Offered | Off. | Obj. | Adm. | Description of Exhibits* |
|---|---|---|---|---|---|---|
| 1 | | 5/4/2021 | X | | X | Glock, model 42, .380 caliber pistol, bearing serial number ABSC289 |
| 2 | | 5/4/2021 | X | | X | Taurus, model Millennium PT 145, .45 caliber pistol, bearing serial number NVJ91144 |
| 3 | | 5/4/2021 | X | | X | .380 caliber ammunition |
| 4 | | 5/4/2021 | X | | X | .45 caliber ammunition |
| 5 | | 5/4/2021 | X | | X | Photo of stop sign at the intersection of College and Gold, Silver City, NM |
| 6 | | 5/4/2021 | X | | X | Photo of the rear of the white 2004 Kia Spectra, victim's vehicle |
| 7 | | 5/4/2021 | X | | X | Photo of the rear of the white 2004 Kia Spectra, victim's vehicle |
| 8 | | 5/4/2021 | X | | X | Photo of the driver's side of the white 2004 Kia Spectra, victim's vehicle |
| 9 | | 5/4/2021 | X | | X | Photo of the front of the white 2004 Kia Spectra, victim's vehicle |
| 10 | | 5/4/2021 | X | | X | Closeup photo of the model and dealer of the white 2004 Kia Spectra, victim's vehicle |
| 11 | | 5/4/2021 | X | | X | Photo of a lighter found on the ground near the white 2004 Kia Spectra |
| 12 | | 5/4/2021 | X | | X | Closeup photo of a lighter found on the ground near the white 2004 Kia Spectra |
| 13 | | 5/4/2021 | X | | X | Photo of the driver's side of the white 2004 Kia Spectra |
| 14 | | 5/4/2021 | X | | X | Closeup photo of the driver's side of the white 2004 Kia Spectra |
| 15 | | 5/4/2021 | X | | X | Photo of the back seat on the driver's side of the white 2004 Kia Spectra |
| 16 | | 5/4/2021 | X | | X | Photo of the back seat on the passenger's side of the white 2004 Kia Spectra |
| 17 | | 5/4/2021 | X | | X | Photo of the passenger's side of the white 2004 Kia Spectra |

| Plf No. | Deft No. | Date Offered | Off. | Obj. | Adm. | Description of Exhibits* |
|---|---|---|---|---|---|---|
| 18 | | 5/4/2021 | X | | X | Photo of the passenger's side of the white 2004 Kia Spectra |
| 19 | | 5/4/2021 | X | | X | Closeup photo of the ammunition on the passenger floorboard of the white 2004 Kia Spectra |
| 20 | | 5/4/2021 | X | | X | Closeup photo of the ammunition on the passenger floorboard of the white 2004 Kia Spectra |
| 21 | | 5/4/2021 | X | | X | Photo of the center console of the white 2004 Kia Spectra |
| 22 | | 5/4/2021 | X | | X | Photo of a knife found in the center console of the white 2004 Kia Spectra |
| 23 | | 5/4/2021 | X | | X | Closeup photo of a glass pipe located in the center console of the white 2004 Kia Spectra |
| 24 | | 5/4/2021 | X | | X | Closeup photo of the glass pipe located in the center console of the white 2004 Kia Spectra |
| 25 | | 5/4/2021 | X | | X | Closeup photo of ammunition found on the seat of the white 2004 Kia Spectra |
| 26 | | 5/4/2021 | X | | X | Closeup photo of ammunition found on the seat of the white 2004 Kia Spectra |
| 27 | | 5/4/2021 | X | | X | Closeup photo of ammunition found on the seat of the white 2004 Kia Spectra |
| 28 | | 5/4/2021 | X | | X | Photo of the interior of the trunk of the white 2004 Kia Spectra |
| 29 | | 5/4/2021 | X | | X | Photo of items inside of the trunk of the white 2004 Kia Spectra |
| 30 | | 5/4/2021 | X | | X | Photo of items located inside of the trunk of the white 2004 Kia Spectra |
| 31 | | 5/4/2021 | X | | X | Closeup photo of items in the center tray of the white 2004 Kia Spectra |
| 32 | | 5/4/2021 | X | | X | Photo of a glass pipe located on the floorboard of the white 2004 Kia Spectra |
| 33 | | 5/4/2021 | X | | X | Photo of an LG cellphone located in the white 2004 Kia Spectra |
| 34 | | 5/4/2021 | X | | X | Photo of the LG cellphone's screen located in the white 2004 Kia Spectra |
| 35 | | 5/4/2021 | X | | X | Photo of 1313 N. Gold Street, Silver City, NM |
| 36 | | 5/4/2021 | X | | X | Photo of 1313 N. Gold Street, Silver City, NM |
| 37 | | 5/4/2021 | X | | X | Photo of 1313 N. Gold Street, Silver City, NM |
| 38 | | 5/5/2021 | X | | X | Photo of 1601 Virginia St., Apartment #17, Silver City, NM |
| 39 | | 5/5/2021 | X | | X | Photo of 1601 Virginia St., Apartment #17, Silver City, NM |

| Plf No. | Deft No. | Date Offered | Off. | Obj. | Adm. | Description of Exhibits* |
|---|---|---|---|---|---|---|
| 40 | | 5/5/2021 | X | | X | Photo of 1601 Virginia St., Apartment #17, Silver City, NM |
| 41 | | 5/5/2021 | X | | X | Photo of 1601 Virginia St., Apartment #17, Silver City, NM |
| 42 | | 5/5/2021 | X | X | X | Photo of the front door of Apartment #17 |
| 43 | | 5/5/2021 | X | X | X | Photo of front entrance of Apartment #17 |
| 44 | | 5/5/2021 | X | X | X | Photo of interior of Apartment #17 |
| 45 | | 5/5/2021 | X | X | X | Photo of interior of Apartment #17 |
| 46 | | | | | | Photo of interior of Apartment #17 |
| 47 | | | | | | Photo of interior of Apartment #17 |
| 48 | | 5/5/2021 | X | X | X | Photo of interior of Apartment #17 |
| 49 | | | | | | Photo of interior of Apartment #17 |
| 50 | | | | | | Photo of interior of Apartment #17 |
| 51 | | | | | | Photo of interior of Apartment #17 |
| 52 | | | | | | Photo of interior of Apartment #17 |
| 53 | | | | | | Photo of interior of Apartment #17 |
| 54 | | | | | | Photo of interior of Apartment #17 |
| 55 | | 5/5/2021 | X | X | X | Photo of the living room closet in Apartment #17 |
| 56 | | | | | | Photo of interior of Apartment #17 |
| 57 | | | | | | Photo of the bathroom in Apartment #17 |
| 58 | | | | | | Photo of the bathroom in Apartment #17 |
| 59 | | | | | | Photo of child's bedroom in Apartment #17 |
| 60 | | | | | | Photo of child's bedroom in Apartment #17 |
| 61 | | | | | | Photo of child's bedroom in Apartment #17 |
| 62 | | | | | | Photo of child's bedroom in Apartment #17 |
| 63 | | | | | | Photo of child's bedroom in Apartment #17 |
| 64 | | | | | | Photo of entrance into master bedroom in Apartment #17 |

| Plf No. | Deft No. | Date Offered | Off. | Obj. | Adm. | Description of Exhibits* |
|---|---|---|---|---|---|---|
| 65 | | | | | | Photo of master bedroom in Apartment #17 |
| 66 | | | | | | Photo of master bedroom in Apartment #17 |
| 67 | | | | | | Photo of master bedroom in Apartment #17 |
| 68 | | | | | | Photo of master bedroom in Apartment #17 |
| 69 | | 5/4/2021 | X | | X | Photo of a firearm tucked in the couch in Apartment #17 |
| 70 | | 5/4/2021 | X | | X | Photo of a firearm tucked in the couch in Apartment #17 |
| 71 | | | | | | Photo of a firearm tucked in the couch in Apartment #17 |
| 72 | | 5/4/2021 | X | | X | Closeup photo of a firearm tucked in the couch in Apartment #17 |
| 73 | | 5/4/2021 | X | | X | Closeup photo of a firearm tucked in the couch in Apartment #17 |
| 74 | | 5/4/2021 | X | | X | Closeup photo of a firearm recovered from Apartment #17 |
| 75 | | | | | | Closeup photo of a firearm recovered from Apartment #17 |
| 76 | | 5/4/2021 | X | | X | Closeup photo of firearm, loaded magazine and ammunition recovered from Apartment #17 |
| 77 | | 5/4/2021 | X | | X | Closeup photo of ammunition recovered from Apartment #17 |
| 78 | | 5/4/2021 | X | | X | Closeup photo of firearm recovered from Apartment #17 |
| 79 | | 5/4/2021 | X | | X | Photo of firearm tucked in laundry basket in the living room closet recovered from Apartment #17 |
| 80 | | 5/4/2021 | X | | X | Photo of firearm tucked in laundry basket in the living room closet recovered from Apartment #17 |
| 81 | | 5/4/2021 | X | | X | Closeup photo of firearm tucked in laundry basket in the living room closet recovered from Apartment #17 |
| 82 | | 5/4/2021 | X | | X | Closeup photo of firearm recovered from Apartment #17 |
| 83 | | | | | | Closeup photo of firearm recovered from Apartment #17 |
| 84 | | 5/4/2021 | X | | X | Closeup photo of firearm recovered from Apartment #17 |
| 85 | | | | | | Photo of firearm, loaded magazine and ammunition recovered from Apartment #17 |

| Plf No. | Deft No. | Date Offered | Off. | Obj. | Adm. | Description of Exhibits* |
|---|---|---|---|---|---|---|
| 86 | | 5/4/2021 | X | | X | Photo of firearm, loaded magazine and ammunition recovered from Apartment #17 |
| 87 | | | | | | Closeup photo of ammunition recovered from Apartment #17 |
| 88 | | | | | | Photo of laundry basket were firearm was located in Apartment #17 |
| 89 | | 5/5/2021 | X | | X | Photo of photos in Apartment #17 |
| 90 | | | | | | Photo of interior of Apartment #17 |
| 91 | | | | | | Photo of interior of Apartment #17 |
| 92 | | | | | | Photo of interior of Apartment #17 |
| 93 | | | | | | Photo of child's room in Apartment #17 |
| 94 | | | | | | Photo of Daniel Hernandez day of arrest |
| 95 | | 5/5/2021 | X | | X | Photo of holster found on Daniel Hernandez's person day of his arrest |
| 96 | | 5/5/2021 | X | | X | Photo of holster found on Daniel Hernandez's person day of his arrest |
| 97 | | 5/4/2021 | X | | X | Black nylon holster |
| 98 | | 5/4/2021 | X | | X | Still photo from Snappy Mart security footage |
| 99 | | 5/4/2021 | X | | X | Still photo from Snappy Mart security footage |
| 100 | | 5/4/2021 | X | | X | Still photo from Snappy Mart security footage |
| 101 | | 5/4/2021 | X | | X | Still photo from Snappy Mart security footage |
| 102 | | 5/4/2021 | X | | X | Still photo from Snappy Mart security footage |
| 103 | | 5/4/2021 | X | | X | Still photo from Snappy Mart security footage |
| 104 | | | | | | Map of Silver City |
| 105 | | 5/4/2021 | X | | X | Photo of the underpass |
| 106 | | 5/4/2021 | X | | X | Photo of road leading into the mountains |
| 107 | | 5/4/2021 | X | | X | Photo of the underpass |
| 108 | | 5/4/2021 | X | | X | Closeup photo of the underpass |
| 109 | | 5/4/2021 | X | | X | Photo of the park |
| 110 | | 5/4/2021 | X | | X | Photo of the park |

| Plf No. | Deft No. | Date Offered | Off. | Obj. | Adm. | Description of Exhibits* |
|---------|----------|--------------|------|------|------|--------------------------|
| 111 | | | | | | Photo of Lisa Montano's residence |
| 112 | | 5/4/2021 | X | | X | Photo of a house as identified by Savannah Padilla |
| 113 | | | | | | 911 Call DOI 9-6-18 – Monteque Montano.C182490183 |
| 114 | | 5/5/2021 | X | X | X | Clip of Video BodyCam - Daniel Hernadnez (9-9-18) - Cardoza.122 |
| 115 | | | | | | Clip of Video BodyCam - Daniel Hernandez (9-9-18) - Delgado.124 |
| 116 | | | | | | Clip of Video BodyCam - Daniel Hernandez (9-9-18) Delgado.124_7F00374_011506 |
| 117 | | | | | | Video BodyCam - Daniel Hernandez (9-9-18) - Cardoza.122_7F00359_003952 |
| 118 | | | | | | Jail Call made by Daniel Hernandez 202003162019_15024_5054599499_6 |
| 119 | | 5/4/2021 | X | | X | Kastigar letter for Savannah Padilla |
| 120 | | 5/4/2021 | X | | X | Plea Agreement and Addendum to Plea Agreement for Savannah Padilla |
| 121 | | 5/4/2021 | X | | X | Photo of Kasey Jackson |
| 122 | | 5/4/2021 | X | | X | Photo of Savannah Padilla |
| 123 | | 5/3/2021 | X | | X | Trial Stipulation |
| | | | | | | |
| | | | | | | |
| | A | | | | | Silver Torch Handle |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |